NO. 07-06-0250-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 20, 2008
______________________________
 
RICHARD MCDANIEL, INDIVIDUALLY AND D/B/A
RICHARD MCDANIEL, INC., D/B/A B.R. ROOFING,
A/K/A B & R ROOFING, APPELLANT

V.

BENNY BENNETT AND WIFE, MARY BENNETT, APPELLEES
_________________________________

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 11632; HONORABLE STEVEN R. EMMERT, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ON MOTION FOR REHEARING
          Appellees Benny Bennett and Mary Bennett filed a motion for rehearing, to which
we requested and received a response. Tex. R. App. P. 49.1, 49.2. The motion for
rehearing is denied. Tex. R. App. P. 49.3
                                                                           James T. Campbell 

                                                                                    Justice



Pirtle, J., concurring and dissenting. 



g his pleas because he was guilty of the violations and for no other reason. 

 Appellant additionally testified he understood that because of his stipulations of
evidence, the court could find him guilty based solely upon his plea of nolo contendere and
the stipulations of evidence he made. He admitted he knew he had a right to be tried by
a jury and that by signing a waiver of jury trial he was giving up that right. He also
admitted that he understood that if the trial court accepted the plea bargain and set his
punishment at anything equal to or less than the plea bargain agreement, he could not
appeal the case except that he might appeal rulings on pretrial motions if he had filed any
such motions. (1) Appellant's trial attorney testified that, in his opinion, appellant was
competent to stand trial.

 The standards by which we review sufficiency challenges are by now so well
established that it is not necessary to recite them in detail. Suffice it to say that the correct
standard for our review of legal sufficiency challenges is that set out in Jackson v. Virginia,
443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), namely, "whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt." Id. at 319. The
standard by which factual sufficiency challenges are measured is that explicated in Clewis
v. State, 922 S.W.2d 126 (Tex.Crim.App. 1996). That is, after viewing all the evidence
without the prism of in the light most favorable to the prosecution, the verdict of the
factfinder is so against the overwhelming weight of the evidence as to be clearly wrong
and unjust. Id. at 129.

 Our examination of the record convinces us that the evidence, coupled with
appellant's plea, is amply sufficient to sustain the trial court's guilt finding. That
examination also establishes that appellant's attorney is entitled to withdraw, and his
motion to do so is granted. Accordingly, appellant's issue is overruled and the judgments
of the trial court are affirmed. 

 John T. Boyd

 Chief Justice

Do not publish.
1. No such pretrial motions appear in the record before us.